UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>HOLLY BLAKELEY | ) ) ) ) ) ) ) | BK No.: 18-15134<br><br>Chapter: 7<br><br>Honorable Jack B. Schmetterer |
| Debtor(s)<br>SAMANTHA KENNEDY | ) ) ) ) | Adv. No.: 19-00591 |
| Plaintiff(s)<br>HOLLY BLAKELEY | ) ) ) ) | |
| Defendant(s) | ) | |

## AGREED JUDGMENT ORDER ON ADVERSARY COMPLAINT

This matter coming before the Court by agreement of the parties, Plaintiff Samantha Kennedy and Defendant Holly Blakeley having entered into a written Forbearance And Settlement Agreement dated June 19, 2019 (the "Settlement Agreement") whereby the parties stipulate and agree, inter alia, to: i) the entry of a non-dischargeable judgment against Defendant pursuant to the allegations contained in Count III of the Adversary Complaint in the reduced amount of $142,000 and ii) the dismissal with prejudice of Counts I and II of the Adversary Complaint objecting to Defendant's discharge, this Court having jurisdiction over this matter, due notice having been given to all parties entitled thereto and the Court being advised in the premises,
IT IS HEREBY ORDERED:
   (1) Counts I and II of the Adversary Complaint objecting to Defendant Holly Blakeley's discharge are dismissed with prejudice;
   (2) Judgment is hereby entered against Defendant Holly Blakeley and in favor of Plaintiff Samantha Kennedy on Count III of the Adversary Complaint; and
   (3) A non-dischargeable judgment is hereby entered in favor of Plaintiff Samantha Kennedy and against Defendant Holly Blakeley in the amount of $142,000, subject to repayment pursuant to the terms of the Settlement Agreement. The judgment entered by this Order shall be enforceable in any court against Defendant Holly Blakeley notwithstanding her receipt of a discharge in her pending Chapter 7 Bankruptcy proceeding pending in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, Case No. 18-15134.

Enter:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

Ex A to this Order

Dated: 6/25/19
**Prepared by:**
COHON RAIZES & REGAL LLP

## FORBEARANCE AND SETTLEMENT AGREEMENT

THIS FORBEARANCE AND SETTLEMENT AGREEMENT ("**Agreement**") is made as of this _19_ day of June 2019, by and among Holly Blakeley ("Blakeley") or , HMD Holdings LLC ("HMD"), Circle Fitness and Social, LLC ("Circle Fitness") (Blakeley, HMD, and Circle Fitness are collectively the "Blakeley Parties") and Samantha Kennedy ("Kennedy" or "Judgment Creditor").

### RECITALS

This Agreement is based upon the following recitals:

A.  Neighborhood Barre, LLC ("Neighborhood") owned and operated a fitness club (the "Business") utilizing the "Dailey Method" franchise under a written franchise agreement ("the Franchise Agreement") and doing business at 206 and 208 South Marion Street, Oak Park, IL 60532 (the "Business Premises").

B.  Blakeley owns a 100% membership interest in Neighborhood.

C.  Kennedy is a former owner of a 51% membership interest in Tuck Dailey, LLC, which previously owned the right to operate a Dailey Method franchise in Oak Park. On May 3, 2013, Kennedy, Stef Schodrof, Tuck Daily, LLC, Neighborhood, Blakeley, and Melissa D'Alise ("D'Alise") each entered into the Franchise Rights Purchase Agreement ("Purchase Agreement"), by which Tuck Dailey and Kennedy and Schodrof individually sold their interests in the Oak Park franchise to Neighborhood. Per the terms of the Purchase Agreement, Kennedy received an initial payment of $6,000 at the time of the closing, and she was thereafter due sixteen quarterly earn-out payments in an amount not to exceed $156,000.

D.  Blakeley and D'Alise (collectively "Guarantors") each also executed an absolute, unconditional and continuing personal guaranty by which they each, jointly and severally, guaranteed timely payment and performance of all of Neighborhood's obligations under the Purchase Agreement.

E.  Kennedy filed a Complaint against Neighborhood, Blakeley, and D'Alise for breach of the Purchase Agreement and breach of the Guaranties in the Circuit Court of Cook County, Illinois, entitled *Samantha Kennedy v. Neighborhood Barre, LLC, et al.*, Case No. 2014 M4 000113 (the "State Court Litigation").

F.  The Blakeley Parties admit that Neighborhood, Blakeley, and D'Alise are in default under the Purchase Agreement and Guaranties and admit that a judgment ("Judgment") was entered in the State Court Litigation on January 9, 2018 in the amount of $282,912.95 (the "Judgment Amount") against Neighborhood, Blakeley, and D'Alise (Neighborhood, Blakeley, and D'Alise are collectively "Judgment Debtors"). The Blakeley Parties admit that Judgment Creditor caused citations to discover assets to be served on Judgment Debtors and admit that upon service of such citations, Judgment Creditor acquired a citation lien against all personal property belonging to Judgment Debtors. The Blakeley Parties admit that Judgment Creditor

1

*Ex A to Order* [handwritten]

also acquired judgment liens against Judgment Debtors real property by virtue of recording certain memorandums of judgment. The liens of all citations and all other judgment liens created in favor of Judgment Creditor arising from the Judgment are hereinafter referred to as the "Judgment Liens."

G.      Neighborhood filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on May 21, 2018, which bankruptcy case is pending in the United States Bankruptcy Court for the Northern District of Illinois, as case no. 18-14703 ("Neighborhood Bankruptcy Case"). The Neighborhood Bankruptcy Case was converted to a case under Chapter 7 on February 13, 2019.

H.      After the Neighborhood Bankruptcy Case was converted to a case under Chapter 7, Neighborhood ceased operations. Blakeley thereafter formed Circle Fitness and opened an exercise studio at the premises located at 206 S. Marion under the name Full Circle Fitness and Social Club. Circle Fitness occupies the premises at 206 S. Marion with the permission of HMD, which is the tenant under the written lease agreement for 206 S. Marion.

I.      Blakeley filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on May 24, 2018, pending in the United States Bankruptcy Court for the Northern District of Illinois, as case no. 18-15134, which has now been converted to a proceeding under Chapter 7 of the Bankruptcy Code ("Blakeley Bankruptcy Case"). D'Alise filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. Her interest in Neighborhood was sold by the Trustee in the D'Alise bankruptcy to Blakeley, who now owns 100% of the membership interest in Neighborhood.

J.      Blakeley owns 100% of the membership interest in HMD and Circle Fitness.

K.      Kennedy commenced an adversary proceeding against Blakeley, pending as case no. 19 A 00591 ("Blakeley Adversary Case"), in which Kennedy objects to Blakeley's discharge and the dischargeability of the debt owed to Kennedy. The Blakeley Adversary Case is scheduled for trial on August 20, 22, 27, and 29, 2019.

L.      On June 11, 2019, the court in the Blakeley Bankruptcy Case entered an order modifying the automatic stay to permit Kennedy to enforce her citation lien with regard to Blakeley's interest in HMD.

M.      The Judgment Amount, together with post judgment interest and all other amounts due and owing under the Purchase Agreement and Guaranties, are collectively referred to hereinafter as the "Indebtedness" due to Kennedy. The Blakeley Parties waive any objections and defenses to the Judgment and irrevocably and unconditionally acknowledge and agree that the Indebtedness is due Kennedy from Judgment Debtors under the Judgment.

N.      The Blakeley Parties have requested that Kennedy temporarily forbear from exercising her rights to collect upon the Judgment and to enforce the Judgment Liens;

2

O.  Kennedy is willing to agree to forbear temporarily from exercising her rights to collect upon the Judgment and enforce her Judgment Liens, subject to the terms, conditions and requirements set forth herein.

## AGREEMENTS

1.  **FORBEARANCE AND PROMISE TO PAY**. Kennedy hereby agrees to forbear temporarily from exercising her rights to collect upon the Judgment and enforce her Judgment Liens from the date hereof to and including February 5, 2026, (the "Forbearance Period"), subject to the full and timely compliance with the following terms, conditions and requirements (each, a "Forbearance Condition"):

    a.  The Blakeley Parties, jointly and severally, hereby agree to pay to the order of Samantha Kennedy the sum of One Hundred Forty-Two Thousand and NO/100 Dollars ($142,000.00) (the "Settlement Amount"), in monthly installments commencing with an initial payment of One Thousand Five Hundred and NO/100 Dollars ($1,500.00) on July 5, 2019, with monthly payments of $1,500.00 on the fifth day of consecutive months thereafter, with a final payment to be made on February 5, 2026. Payments shall be made by wire transfer or other electronic means into an account designated by Kennedy. The Settlement Amount represents a compromise of the amount due under the Judgment and shall incur no interest unless the Blakeley Parties default in the payment thereof, at which time default interest shall accrue at the rate of 9% per annum (the statutory rate assessed against judgments in Illinois).

    b.  In the event that the Blakeley Parties make a total of 80 (eighty) timely payments of One Thousand Five Hundred and NO/100 Dollars ($1,500.00), as described immediately above, with no payments late, short, or skipped, Kennedy shall waive and cancel twenty-two thousand dollars ($22,000.00) of the Settlement Amount, and shall consider the Settlement Amount satisfied in full, and shall release Judgment Creditor's Permanent Lien.

    c.  Judgment Creditor shall be granted a continuing and permanent lien and security interest in all real and personal property belonging to Judgment Debtors in the Judgment Amount ("Permanent Lien"). Upon receipt of all payments set forth in paragraph 1(a) or 1(b) of this Agreement, Judgment Creditor agrees to continue to forbear from enforcing or foreclosing upon her Permanent Lien. If there is a sale of substantially all of assets or the business of either Neighborhood, HMD, or Circle Fitness during the Forbearance Period, Judgment Creditor shall receive a portion of the sale proceeds in an amount provided in the schedule below, less any payments received by Judgment Creditor pursuant to paragraph 1(a) or 1(b) of this Agreement, in exchange for a release of Judgment Creditor's Permanent Lien.

| Amount of Sales Price | Amount Paid to Kennedy |
|---|---|
|  |  |

3

| $600,000 or more | Judgment Amount |
|---|---|
| $599,999 to $450,000 | $250,000 |
| $449,999 to $300,000 | $200,000 |
| $299,999 to $200,000 | $175,000 |
| Less than $200,000 | $142,000 |

   d. Blakeley shall execute a Pledge Agreement in the form attached hereto as Exhibit A, pledging to Kennedy or her nominee, the entire membership interest in Neighborhood, HMD and Circle Fitness, representing 100% ownership of Neighborhood, HMD and Circle Fitness, such interests not being represented by any certificates issued by Neighborhood, HMD and Circle Fitness and the Judgment Debtors agree during the term of this Agreement not to issue any certificates of ownership for Blakeley's membership interest in Neighborhood, HMD, or Circle Fitness.

   e. HMD and Circle Fitness must execute a Security Agreement in the form attached hereto as exhibit B, granting Kennedy a security interest in all assets of HMD and Circle Fitness.

   f. HMD and Circle Fitness must each execute a Guaranty in the form attached hereto as exhibit C, guaranteeing Blakeley's payment of the Indebtedness.

   g. Upon execution of this Agreement, the parties shall enter into and agreed order, dismissing Counts I and II of the Blakeley Adversary Complaint objecting to Blakeley's discharge, and entering an agreed judgment on Count III of Blakeley Adversary Complaint finding that Blakeley's debt to Kennedy is non-dischargeable in the amount of $142,000.

   h. The Blakeley Parties agree that the Judgment as against Neighborhood and Blakeley, in the Settlement Amount, shall remain enforceable but Kennedy agrees to forbear from initiating any post-judgment collection proceedings on said Judgment so long as there is no default under this Agreement by the Blakeley Parties. In the event of a default by the Blakeley Parties, Kennedy may pursue all remedies available to her to collect on the Judgment but only to the extent of the unpaid portion of the Settlement Amount.

   i. The Blakeley Parties will provide their full and complete cooperation with regard to Kennedy's efforts to pursue any claim or cause of action against TDM Franchise Company, LLC, its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all persons acting or purporting to act on behalf of any of them ("Franchisor"). Judgment Debtors waive all objections or defenses to any discovery request made upon them by Kennedy with regard to her attempts to pursue a claim or cause of action against Franchisor. If Kennedy is successful in recovering monies from the Franchisor, Kennedy agrees to

4

apply against the Indebtedness due, the amount received from the Franchisor after deducting all fees and cost costs incurred by Kennedy to collect from Franchisor.

j.  **If Judgment Debtors default under this Agreement and/or fail to comply with any one of the Forbearance Conditions set forth above, (i) the Forbearance Period and Kennedy's agreement to forbear hereunder shall immediately terminate without further notice to the Blakeley Parties; and (ii) Kennedy may, at her option, exercise all of her legal and equitable rights and remedies against Neighborhood, Blakeley and the property to which her Judgment Liens have attached.**

2. **ADDITIONAL COVENANTS OF THE BLAKELEY PARTIES.** As a condition to Kennedy's forbearance and settlement, The Blakeley Parties each additionally covenant and agree as follows:

a.  Additional Documents. To execute such additional documents as are requested by Kennedy to implement the provisions of this Agreement, to evidence the obligations of The Blakeley Parties to Kennedy, or to preserve, protect or perfect any rights of the Kennedy in any Collateral.

3. **DEFAULTS.** The occurrence of any one or more of the following shall constitute a default under this Agreement:

a.  the failure to make the payments as provided for in this Agreement with such failures continuing for **thirty (30) days after written notice of such payment default;**

b.  any transfer of the business or any membership interest in Neighborhood, HMD, Circle Fitness by any of the Blakeley Parties without the written consent of Kennedy and the assumption of the indebtedness and liens in the Collateral (as defined herein) represented by the Settlement Amount by any assignee;

c.  breach or violation of any term, covenant, or condition contained in this Agreement, including, without limitation, breaches caused by the Blakeley Parties or the Blakeley Parties' officers, agents, employees or legal representatives; or

d.  the material untruth of any material representation or warranty contained in this Agreement, or the existence of a material misrepresentation of fact or fraud contained in this Agreement, or the existence of a material misrepresentation of fact or fraud contained in any document or information heretofore or hereafter submitted or communicated to Kennedy in support of this Agreement.

4. **FURTHER ACKNOWLEDGMENTS.** The Blakeley Parties acknowledge and agree as follows:

a.  Purpose of Agreement. The parties are entering in this Agreement in order to resolve the outstanding indebtedness due under the Judgment.

5

b. <u>Benefit of Agreement</u>. This settlement and Kennedy's forbearance shall result in a direct and tangible benefit to the Blakeley Parties, including, without limitation, reducing the indebtedness under the Judgment if the Blakeley Parties comply with the terms of this Agreement, avoiding collection and collateral preservation costs, and Kennedy permitting the parties to continue to use certain of the Collateral. (For purposes of this Agreement, "**Collateral**" means any and all property of any of the Blakeley Parties, including any successors thereto, in which the Kennedy has a lien (including but not limited to a judgment lien or citation lien), security interest, or mortgage, or lien.).

c. <u>Further Extensions</u>. This Agreement shall not constitute an agreement by Kennedy or require Kennedy to enter into any other agreement between the Blakeley Parties and Kennedy, extend the time for payment of any obligations to Kennedy, or make any loans or otherwise extend credit to any of the Blakeley Parties. This Agreement does not in any way release or constitute an accord and satisfaction or novation of the Judgment or Judgment Liens, all of which shall remain in full force and effect.

d. <u>Acknowledgment of Liens, Etc</u>. The judgment liens, citation liens, security interests, mortgages, pledges and assignments granted to Kennedy by The Blakeley Parties securing any of the agreements between the parties are valid and enforceable, and are not subject to any defenses, offsets, deductions, or counterclaims of any kind or character whatsoever, and shall not be affected by the transfer of assets by any of the the Blakeley Parties.

e. <u>Corporate Power; Authorization</u>. The Blakeley Parties have all requisite power, including corporate power, and have been duly authorized by all requisite corporate action, to execute and deliver this Agreement and to perform their obligations hereunder. This Agreement has been duly executed and delivered by the Blakeley Parties.

5. **MISCELLANEOUS PROVISIONS**. The parties agree as follows:

a. <u>No Waiver of Remedies</u>. Kennedy expressly reserves any and all rights and remedies available to it under this Agreement, the Judgment and at law or in equity in the event the Blakeley Parties default under this Agreement. Should the Blakeley Parties fail to comply with the provisions of this Agreement, the Judgment shall remain in force and Kennedy shall have the right to recover all amounts due under the Judgment as set forth in the recitals above plus all accruing interest, attorneys' fees and costs and less the amounts paid by the Blakeley Parties under this Agreement. No failure to exercise, or delay by Kennedy in exercising, any rights, power or privilege hereunder shall preclude any other or further exercise thereof, or the exercise of any other right, power or privilege. The rights and remedies provided in this Agreement and pursuant to the Judgment and Judgment Lien are cumulative and not exclusive of each other or of any right or remedy provided by law or in equity. No notice to or demand upon Kennedys in any instance shall, in itself, entitle the Blakeley Parties to any other or further notice or demand in similar or other circumstances or constitute a waiver of the

6

right of Kennedy to any other or further action in any circumstance without notice or demand.

      b.      Expenses, Attorneys' Fees. Should the Blakeley Parties default under this Agreement, the Blakeley Parties agree to reimburse Kennedy for all amounts incurred by or on behalf of Kennedy for attorneys' fees, recording expenses, title insurance fees, UCC searches, and all other reasonable expenses incurred by or on behalf of Kennedy by reason of the matters specified herein and for the preparation of this Agreement and all other documents necessary and required to effectuate the provision hereof, including, without limitation, all costs and expenses with respect to the Blakeley Parties' compliance with the terms and conditions hereof and Kennedy's enforcement thereof. In the event any dispute shall arise concerning the subject matter of this Agreement, Kennedy shall be entitled to recover from the Blakeley Parties her reasonable attorneys' fees and costs incurred at all trial, appellate and bankruptcy proceedings. The rights and remedies of Kennedy contained in this Section shall be in addition to, and not in lieu of, the rights and remedies under the Judgment, Judgment , and as otherwise provided by law.

      c.      Governing Law, Jurisdiction. This Agreement shall be construed in accordance with the laws of the State of Illinois, without regard to its conflict of laws principles. The Blakeley Parties hereby submit to personal jurisdiction in the State of Illinois for the enforcement by Kennedy of their respective obligations hereunder, and waive any personal rights under the law of any other state to object to jurisdiction in Illinois.

      d.      Construction. This Agreement shall not be construed more strictly against Kennedy merely by virtue of the fact that the same has been prepared by Kennedy or its counsel, it being recognized that The Blakeley Parties and Kennedy have contributed substantially and materially to the preparation of this Agreement, and The Blakeley Parties and Kennedy hereby acknowledge and waive any claim contesting the existence or the adequacy (or both) of the consideration given by any of the other parties hereto in entering into this Agreement.

      e.      Entire Agreement. The Blakeley Parties and Kennedy acknowledge that there are no other agreements or representations, oral or written, express or implied, not embodied in this Agreement and Security Agreement, which together represent a complete integration of all prior and contemporaneous agreements and understandings of The Blakeley Parties and Kennedy, and the provisions of the Purchase Agreement and Guaranties, which are hereby ratified and confirmed.

      f.      Consent to Agreement. The Blakeley Parties hereby acknowledge that: (i) they have thoroughly read and reviewed the terms and provisions of this Agreement and are familiar with same, that the terms and provisions contained herein are clearly understood by them and have been fully and unconditionally consented to by them; (ii) they have had full benefit and advice of counsel of their own selection, or the opportunity to obtain the benefit and advice of counsel of their own selection, in regard to

7

understanding the terms, meaning and effect of this Agreement; (iii) this Agreement has been entered into by the Blakeley Parties freely, voluntarily, with full knowledge, and without duress; (iv) in executing this Agreement, the Blakeley Parties are relying on no other representations, either written or oral, express or implied, made to the Blakeley Parties, and that the consideration received by the Blakeley Parties hereunder has been actual and adequate; and (v) the individual signing on behalf of The Blakeley Parties has the corporate authority to bind The Blakeley Parties to this Agreement.

       g.      Release. As additional consideration for Kennedy entering into this Agreement, the Blakeley Parties hereby fully and unconditionally release and forever discharge Kennedy, her spouse, heirs, administrators, personal representatives, attorneys, agents and assigns (collectively "**Kennedy Released Parties**") of and from all damages, losses, claims, demands, liabilities, obligations, actions and causes of action whatsoever which the Blakeley Parties may now have or claim to have against the Kennedy Released Parties as of the date of this Agreement, whether presently known or unknown, and of every nature and extent whatsoever on account of or in any way affecting, concerning, arising out of or founded upon the Purchase Agreement or the Oak Park franchise, including, but not limited to, all such loss or damage of any kind heretofore sustained, or that may arise as a consequence of the dealings between the parties up to and including the date of this Agreement.

       h.      Counterparts. It is understood and agreed that this Agreement may be executed in several counterparts, each of which shall, for all purposes, be deemed an original and all of which counterparts, taken together, shall constitute one and the same Agreement, even though all of the parties hereto may not have executed the same counterpart of this Agreement.

       i.      Notices. Any notice, request, demand, instruction or other document to be given or served hereunder or under any document or instrument executed pursuant hereto shall be in writing and shall be: (i) delivered personally with a receipt requested therefor; (ii) sent by a recognized overnight courier service; or (iii) sent by United States registered or certified mail, return receipt requested, postage prepaid and addressed to the parties at their respective addresses set forth below, and the same shall be effective (iv) upon receipt, refusal or the same being unclaimed, if delivered personally, by courier; (A) one (1) business day after depositing such with an overnight courier service; or (B) two (2) business days after deposit, postage prepaid, in the mail, if mailed as aforesaid:

If to Blakeley Parties:      Holly Blakeley
                                1024 Randolph St.
                                Unit 1S
                                Oak Park, IL 60302

|  |  |
|---|---|
| with a copy to: | Justin R. Storer<br>Lakelaw<br>53 W. Jackson Boulevard, Suite 1115<br>Chicago, IL 60604 |
| If to Kennedy: | Samantha Kennedy<br>8 Loma Vista Ave<br>Larkspur, CA 94939 |
| with a copy to: | Cornelius P. Brown<br>Cohon Raizes & Regal LLP<br>208 S. LaSalle, Suite 1440<br>Chicago, Illinois 60604 |

A party may change its address for receipt of notices by service of a notice of such change in accordance with the provisions hereof.

j.  WAIVER OF JURY TRIAL. The Blakeley Parties, after consulting or having had the opportunity to consult with counsel, hereby knowingly, voluntarily and intentionally waive any right that they may have to a trial by jury in any action, suit or counterclaim arising in connection with, out of, or otherwise relating to this Agreement or any of the transactions contemplated by this Agreement.

k.  Miscellaneous. This Agreement is made for the sole protection of Kennedy, the Blakeley Parties and their respective successors and assigns. No other person shall have any right whatsoever hereunder. Time shall be of the strictest essence in the performance of each and every one of The Blakeley Parties' obligations hereunder. If any provision of this Agreement is held to be invalid or unenforceable, the remaining provisions shall remain in effect without impairment.

**[SIGNATURE PAGE FOLLOWS]**

**Dated and effective as of the date first above written.**

SAMANTHA KENNEDY

By: _____
Samantha Kennedy, individually

HOLLY BLAKELEY

*Holly Blakeley*
Holly Blakeley, individually

HMD HOLDINGS, LLC, an Illinois limited liability company,

By: *Holly Blakely*
Holly Blakeley, 100% Member

CIRCLE FITNESS AND SOCIAL, LLC, an Illinois limited liability company,

By: *Holly Blakely*
Holly Blakeley, 100% Member